IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01062-PAB

KENNETH D. MACKEY,

    Applicant,

v.

MATTHEW HANSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Applicant Kenneth D. Mackey is a prisoner in the custody of the Colorado Department of Corrections. Mr. Mackey has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No. 1, challenging the validity of his conviction in Arapahoe County District Court, Case Number 2013CR2631.

    On April 11, 2019, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On April 26, 2019, Respondents filed their Pre-Answer Response, Docket No. 7, arguing that claim two in the Application should be dismissed. On May 9, 2019, Mr. Mackey filed a Pre-Answer Response Reply, Docket No. 8.

    The Court must construe the Application and other papers filed by Mr. Mackey liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Mackey was convicted by a jury of first degree murder after deliberation, felony murder, attempted first degree murder after deliberation, two counts of aggravated robbery, first degree burglary, conspiracy to commit aggravated robbery, conspiracy to commit first degree burglary, and second degree aggravated motor vehicle theft. He was sentenced to life in prison without the possibility of parole. On March 29, 2018, the Colorado Court of Appeals affirmed the judgment of conviction. *See* Docket No. 7-4. On September 10, 2018, the Colorado Supreme Court denied Mr. Mackey's petition for writ of certiorari on direct appeal. *See* Docket No. 7-3.

Mr. Mackey asserts three claims in the Application. Claim one is a Fourth Amendment claim in which he contends the trial court erroneously denied his motion to suppress GPS data procured by an allegedly illegal search. Mr. Mackey contends in claim two that his state and federal constitutional right to a fair trial was violated by admission of prejudicial evidence of other misconduct. Finally, he contends in claim three that his Sixth Amendment right to counsel was violated when the trial court denied his motion for substitution of counsel.

## II. FEDERAL CONSTITUTIONAL VIOLATION

Respondents first argue that claim two must be dismissed because the claim is not a federal constitutional claim. Claim two relates to the admission of evidence that

Mr. Mackey was involved in the robbery of a Subway sandwich store the day before the crimes for which he was charged in Case Number 2013CR2631. Mr. Mackey specifically argues that evidence of the Subway robbery was admitted at his trial in violation of the Colorado Rules of Evidence and *People v. Spoto*, 795 P.2d 1314 (Colo. 1990). *See* Docket No. 1 at pp.22-26. Mr. Mackey also indicates in the heading of claim two that his state and federal constitutional right to a fair trial was violated by admission of prejudicial evidence of other misconduct, and he concludes his argument in support of claim two by asserting that "the district court's ruling violated [his] constitutional right to a fair trial." Docket No. 1 at pp.22, 26. However, Mr. Mackey cites no federal law in support of claim two and he makes no reasoned argument that his federal constitutional rights were violated by admission of evidence of the Subway robbery.

Relief under § 2254 is not available for violations of state law. *See Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997). Instead, a federal habeas court is limited to deciding whether there has been a violation of "the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, habeas corpus relief is available for an alleged violation of state evidentiary rules only if the "state law decision is so fundamentally unfair that it implicates federal due process." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017). However, "[a] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label." *Id.*

Mr. Mackey's conclusory references in claim two to a constitutional right to a fair

trial are not sufficient to transform the state law evidentiary claim into a federal constitutional claim. *See Shelman v. Whitten*, No. 19-7002, 2019 WL 2120772 at *2 (10th Cir. May 14, 2019) (attaching a federal constitutional "due process label" to a state claim does not transform a state law claim into a federal claim). Therefore, claim two is not a cognizable federal habeas corpus claim and must be dismissed. In any event, even assuming claim two could be construed liberally as asserting a federal constitutional claim, the claim was not fairly presented to the state courts as a federal constitutional claim and also is subject to dismissal for the reasons discussed below.

### III. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

### IV. EXHAUSTION OF STATE REMEDIES

Respondents do not argue that Mr. Mackey failed to exhaust state remedies for claims one and three. However, Respondents argue that claim two, assuming the claim is a federal constitutional claim, was not fairly presented to the state courts as a federal constitutional claim and is not exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a

5

bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Mackey presented claim two to the state courts on direct appeal in the same manner the claim is presented in this action. That is, he argued that evidence of the Subway robbery was admitted at his trial in violation of the Colorado Rules of Evidence and *People v. Spoto*, 795 P.2d 1314 (Colo. 1990). See Docket No. 7-5 at pp.25-35. Mr. Mackey also indicated in the heading of the claim in his opening brief that his state and federal constitutional right to a fair trial was violated by admission of prejudicial evidence of other misconduct and he concluded the argument by asserting that the trial court's ruling violated his "constitutional right to a fair trial." Docket No. 7-5 at pp.25, 34. He did not cite any federal law in support of the claim and he made no reasoned argument that his federal constitutional rights were violated by admission of evidence of the Subway robbery.

The Court agrees with Respondents that Mr. Mackey failed to present claim two to the state courts as a federal constitutional claim. Simply put, Mr. Mackey's conclusory references to his "constitutional right to a fair trial" in his opening brief on direct appeal do not satisfy the fair presentation requirement.

> A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights. Moreover, to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement.

6

*Wilder v. Cockrell,* 274 F.3d 255, 260 (5th Cir. 2001); *see also Zuniga v. Falk,* 618 F. App'x 407, 411(10th Cir. 2015) (conclusory references to a fair trial and the federal Constitution at the tail end of a state law argument are "insufficient to put the state court on notice that [the applicant] was raising a federal constitutional claim"); *Cole v. Zavaras,* 349 F. App'x 328, 331 (10th Cir. 2009) (finding claims were not presented as federal constitutional claims where prisoner "states in a conclusory fashion that the alleged error violated his federal constitutional rights, but he cites no federal case law to support those claims and does little to connect the claim[s] with the rights he alleged were violated.") In a similar context, the Supreme Court has concluded that "a general appeal to a constitutional guarantee as broad as due process [is not sufficient] to present the 'substance' of such a claim to a state court." *Gray v. Netherland,* 518 U.S. 152, 163 (1996).

For these reasons, Mr. Mackey fails to demonstrate he has exhausted state remedies for claim two.

## V. PROCEDURAL DEFAULT

The Court may not dismiss claim two for failure to exhaust state remedies if Mr. Mackey no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend Mr. Mackey no longer has an adequate and effective state remedy available to him because claim two is subject to an anticipatory procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that, even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an

anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule). More specifically, Respondents assert that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure prevents Mr. Mackey from returning to state court to raise the claim in a new postconviction motion. Rule 35(c)(3)(VII) provides that, with limited exceptions not applicable to Mr. Mackey, the state court must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding.

Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

Mr. Mackey fails to demonstrate or even argue that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is not an independent and adequate state procedural rule. In any event, the Court finds that the rule is independent because it relies on state rather than federal law. Rule 35(c)(3)(VII) also is adequate because it is

8

applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review). Therefore, claim two is procedurally defaulted and cannot be considered unless Mr. Mackey demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Jackson*, 143 F.3d at 1317.

To demonstrate cause for his procedural default, Mr. Mackey must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Mackey can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Mackey's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See*

9

*Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Mackey fails to demonstrate either cause and prejudice for his procedural default of claim two or that a fundamental miscarriage of justice will result if the Court does not consider the merits of the claim. Therefore, claim two is procedurally barred and will be dismissed for that reason.

## VI. CONCLUSION

In summary, claim two will be dismissed because it is not a federal constitutional claim and, even if claim two is construed as a federal constitutional claim, the claim is unexhausted and procedurally barred. Accordingly, it is

**ORDERED** that claim two in the application is dismissed. It is further

**ORDERED** that, within thirty days, Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

**ORDERED** that, within thirty days of the filing of the answer, Applicant may file a reply, if he desires.

DATED June 6, 2019.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge